UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
THE NEW YORK TIMES COMPANY
and KEVIN DRAPER,                                              :

                       Plaintiffs,                 :

                         v.                           :    **COMPLAINT**

FEDERAL BUREAU OF INVESTIGATION,                               :

                       Defendant.                   :
--------------------------------------------------------------- X

Plaintiffs THE NEW YORK TIMES COMPANY and KEVIN DRAPER (jointly, "The Times"), by and through their undersigned attorneys, alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by The Times.

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

3. Plaintiff Kevin Draper is employed as a reporter at *The New York Times*.

4. Defendant FBI is an agency within the federal government. It has possession and control of the records that The Times seeks.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiff The New York Times's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

7. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

8. "Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." *Id.* § 552(a)(6)(C)(i).

9. FBI has failed to meet this statutory deadline set for responding to The Times's request. The Times is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6).

## FACTS

10. In October of 2021, Plaintiff Kevin Draper was the victim of a crime in Lawrence, Kansas, that appears to have been related to his work as a reporter.

11. A tracking device was discovered on his family's car. He was subsequently told by law enforcement that the device was likely planted by parties concerned about reporting that he was doing.

12. The crime was investigated by the FBI. The FBI case number assigned to the case was 9E-KC-3636701.

13. The investigation fell under the jurisdiction of the FBI field office and U.S. Attorney's Office for the District of Kansas.

14. On June 4, 2024, Mr. Draper was told by the government the case had been closed.

15. On January 21, 2025, Mr. Draper filed a FOIA request with the FBI (the "Request") for "any and all documents, communication and memos relating to myself, Kevin Michael Draper."

16. The Request, assigned tracking No. 1657818-000, superseded two earlier requests seeking documents concerning Mr. Draper.

17. In acknowledging the Request, the FBI informed him that, given the broad scope of the Request, it was closing the two earlier requests.

18. He was further informed by the FBI on February 7, 2025, that the Request would be treated as a request for all documents pertaining to him, including those that would have been subject to the two earlier requests.

19. The Times has not received any further response to the Request.

## CAUSE OF ACTION (5 U.S.C. § 552)

20. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

21. Defendant FBI is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

22. Defendant FBI has failed to meet FOIA's statutory deadline of 20 business days to make a determination. 5 U.S.C. § 552(a)(6)(A)(i).

23. Even if Defendant has made a determination, it has failed to "ma[ke] promptly available" the records at issue. *Id.* § 552(a)(6)(C)(i).

24. Accordingly, Plaintiffs are deemed to have exhausted its administrative remedies under FOIA. *See id.* § 552(a)(6).

25. Defendant FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

26. No exemptions permit the withholding of the documents sought by this Request.

27. Accordingly, Plaintiffs are entitled to an order compelling Defendant FBI to produce records responsive to this request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

28. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

29. Order Defendant to provide those records to Plaintiffs within 20 business days of the Court's order;

30. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

31. Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York
August 11, 2025

*/s/ David E. McCraw*
David E. McCraw
Al-Amyn Sumar
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Email: mccraw@nytimes.com
Email: al-amyn.sumar@nytimes.com

*Counsel for Plaintiffs*

4